THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RAYMOND BENCE, an individual, and RAYMOND BENCE, Trustee of the Ray and Kathy Bence Trust dated January 12, 2001,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF TOQUERVILLE, UTAH,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART THE MOTION TO DISMISS AND STAYING PROCEEDINGS PENDING APPEAL TO THE UTAH SUPREME COURT**<br><br>Case No. 4:25-cv-00137-DN<br><br>District Judge David Nuffer |

Defendant the City of Toquerville, Utah ("The City") moved to dismiss under Federal Rule of Civil Procedure 12(b), or in the alternative to stay proceedings ("Motion")[1], against the Complaint of Plaintiffs Raymond Bence, individually and as Trustee of the Ray and Kathy Bence Trust dated January 12, 2001 (collectively "Mr. Bence").[2] The City believes that abstention is warranted because Mr. Bence "is simultaneously litigating a closely related land-use dispute in state court, and resolution of that proceeding may substantially narrow or eliminate the issues presented."[3]

Mr. Bence opposes dismissal but does not oppose abstention[4] pending his appeal, now before the Utah Supreme Court. For the reasons below, the Motion is GRANTED IN PART and DENIED IN PART. This matter is STAYED pending the appeal before the Utah Supreme Court.

[1] Motion to Dismiss ("Motion"), docket no. 12, filed January 30, 2026.

[2] Complaint, docket no. 1, filed December 5, 2025.

[3] Motion at 3, n.1 (*citing Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976)).

[4] Response to Motion to Dismiss ("Response"), docket no. 13, filed February 27, 2026.

## 1 BACKGROUND

The parties are operating from the same set of facts.[5] Mr. Bence alleges "[t]his action arises out of passage by the City [] of Ordinance 2025.XX, on November 5, 2025" ("2025 zone change") where the City "claimed to 'adopt and designate anew' a prior zone change which occurred on February 1, 2023," ("2023 zone change"). The City characterizes the case as "an effort to relitigate a zoning dispute through federal constitutional claims after the City's decision was upheld as a lawful legislative act under the governing land-use framework."[6]

According to Mr. Bence, the 2023 zone change "changed the zoning from single family residential to highway commercial"[7] of the adjacent property owned by Robert Browning Lichfield Limited Partnership ("Lichfield property").[8] Mr. Bence alleges the zone change of the Lichfield property has lowered the value of his own property.[9] Mr. Bence timely challenged the 2023 zone change "on the basis that [] it was illegal."[10] On December 17, 2024, Judge Keith Barnes granted the City's Motion for Summary Judgment and upheld the 2023 zoning decision.[11]

Mr. Bence timely appealed that ruling to the Utah Court of Appeals.[12] While that appeal was pending, the City adopted the 2025 zone change.[13] The City says the 2025 zone change merely "reenacted and reaffirmed the Highway Commercial zoning designation for the same

---

[5] Motion at 3, n.2.

[6] *Id*. at 3.

[7] Complaint ¶ 7 at 2.

[8] Motion at 2.

[9] Complaint ¶ 80 at 13.

[10] *Id*. ¶ 8 at 2.

[11] Motion at 4.

[12] Motion at 4; Complaint ¶ 8.

[13] *Id*.

property through the City's legislative process"[14] and the "Highway Commercial zoning designation for the same property through the City's legislative process."[15] Mr. Bence sees it differently: "[t]he 2025 zone change is intended to nullify the entirety of Plaintiffs' legal challenge on appeal, even if Plaintiffs wins his appeal."[16]

On October 22, 2025, the City's Planning Commission held a Special Planning Commission Meeting where the city attorney said the "city council wants litigation to end."[17] Asked by a City Planning commissioner, "It's also a way for the city to protect themselves during litigation, correct?" the city attorney said, "Yeah, it will be used as a litigation strategy if its approved. Absolutely. We'll be candid here. We're not hiding the ball."[18]

Following passage of the 2025 zone change, Mr. Bence filed this case. The City now moves for dismissal. While this Motion was pending, the Utah Court of Appeals dismissed Mr. Bence's state-court appeal, finding that "[t]he [2023 zone change] that Bence challenges is no longer the controlling zoning regulation."[19] Mr. Bence has timely appealed to the Utah Supreme Court for review.[20]

## 2 LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

---

[14] *Id.*

[15] *Id.*

[16] Complaint ¶ 9 at 2.

[17] Complaint ¶ 34 at 6-7 (*quoting* "10.22.2025 "Special Planning Commission Meeting" YouTube Video at https://youtube.com/watch?v=EO2ZobGYAqA, at 1:01:46 – 1:02:10 (hereinafter "10/22/25 Meeting")).

[18] Complaint ¶ 36 at 7 (quoting 10/22/25 Meeting at 1:16:09 – 1:16:18).

[19] *Bence v. Toquerville City*, No. 20250021 (Utah Ct. App. June 17, 2026) (order of dismissal).

[20] Notice of Filing Petition for Writ of Certiorari, *Bence v. Toquerville City*, No. 20250021 (Utah Ct. App. July 17, 2026).

counsel, and for litigants."[21] A district court acts "within its bounds in staying [an] action [] where parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court."[22] "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums."[23] "Proceedings may be parallel even if they 'are far from identical.'"[24]

## 3 DISCUSSION

The City's Motion rests on facts the parties do not contest, namely: (1) all facts alleged in the Complaint are taken as true;[25] (2) the state court case, which is determining the 2023 zone change, is currently on appeal;[26] and (3) the 2023 zone change and 2025 zone change are substantially the same with only slight divergences.[27] The 2023 zone change has gone before the Utah Fifth District Court,[28] the Utah Court of Appeals,[29] and is now before the Utah Supreme Court.[30] The 2025 zone change is the subject of this action. Mr. Bence's grievances with the 2025 zone change are summarized as:

The 2025 zone change has damaged Plaintiffs because:

---

[21] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[22] *Wilton v. Seven Falls Co.*, 515 U.S. 277, 290, 115 S. Ct. 2137, 2144 (1995).

[23] *CNSP, Inc. v. City of Santa Fe*, 753 F. App'x 584, 588 (10th Cir. 2018) (*quoting Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994)).

[24] *Id*. (*quoting D.A. Osguthorpe Family P'ship v. ASC Utah*, Inc., 705 F.3d 1223, 1233 (10th Cir. 2013)).

[25] Motion at 3, n.2.

[26] Complaint ¶ 8 at 2; Motion at 4.

[27] Complaint ¶ 31 at 6 ("The only change between the 2023 zone change and the 2025 zone change was the alleged general plan amendment in early 2024."); Motion at 4 ("The ordinance reenacted and reaffirmed the Highway Commercial zoning designation for the same property through the City's legislative process.").

[28] Exhibit B to Motion; *Order Granting Respondent's Motion for Summary Judgment, Denying Petitioner's Motion for Partial Summary Judgment and Granting Petitioner's Rule 17(a) Motion to Join (or Substitute) a Real Party in Interest*; docket no. 12-2; filed January 30, 2026.

[29] *Bence v. Toquerville City*, No. 20250021 (Utah Ct. App. June 17, 2026).

[30] Notice of Filing Petition for Writ of Certiorari, *Bence v. Toquerville City*, No. 20250021 (Utah Ct. App. July 17, 2026).

> (1) the 2025 zone change, like the 2023 zone change before it, has decreased the property value of his parcel; and
>
> (2) the 2025 zone change seeks to interfere with and take legal claims owned by Plaintiffs which are pending before the Utah Court of Appeals
>
> . . .
>
> These harms were foreseeable, intentional, and directly caused by the City's repeated legislative efforts to commercialize the land adjoining Plaintiffs' parcel.[31]

While the parties debate the merits of the Complaint and the Motion, they miss the jurisdictional conflict. A determination on the merits by the Utah Supreme Court could either moot or ripen Mr. Bence's third cause of action and perhaps make Mr. Bence's constitutional claims merely advisory.

Mr. Bence's alleged harms are derivative of the same controversy currently before the Utah Supreme Court: whether the City's rezoning (articulated in 2023 and reaffirmed in 2025) was lawful. If the Utah Supreme Court affirms, or reverses, the Utah Court of Appeals' dismissal, and that could impact the survival of Mr. Bence's federal claims. The parties' shared premise, that the 2025 zone change simply reenacted and reaffirmed the 2023 zone change,[32] is precisely why the outcome of the state court appeal "may substantially narrow, and may eliminate, the issues this Court would otherwise need to decide."[33]

So long as the Utah Supreme Court hasn't finally resolved whether the appeal was correctly mooted (and whether the underlying rezoning was lawful), the third cause of action isn't ripe.[34] Mr. Bence alleges that the 2025 zone change was "the City's attempt to have the

---

[31] Complaint ¶¶ 11, 13 at 3.

[32] Complaint ¶ 31 at 6; Motion at 4.

[33] Motion at 3, n.2.

[34] *Id*. ¶¶ 91-102 at 15-16.

Appeal of the original suit filed by Bence disposed of as moot."[35] The City disagrees saying that "Whether it has any effect on [Mr. Bence's] appeal is a question for the Utah Court of Appeals, which has already declined to dismiss that appeal on mootness grounds."[36] That is no longer accurate. The Utah Court of Appeals *did* "determine that Bence's appeal is moot."[37] Because Mr. Bence appealed, whether the Utah Court of Appeals' ruling stands is now up to the Utah Supreme Court, if it agrees to take the case at all. Until that happens, whether Mr. Bence's third cause of action even survives cannot be known, let alone how it should be resolved.

The fate of the 2023 zone change and, by extension, whether Mr. Bence's third cause of action is ripe for review, is now in the hands of the Utah Supreme Court.[38] Should the Utah Supreme Court disagree with the Utah Court of Appeals and hold that Mr. Bence's appeal was not mooted, Mr. Bence's third cause of action would itself be moot, because the injury underlying that claim, the loss of his appeal, would never have occurred. Should the Utah Supreme Court instead agree that the 2025 zone change mooted the appeal, the third cause of action would become ripe. Until the Utah Supreme Court rules, Mr. Bence's third cause of action is not ripe.

Federal abstention is required until the state case is decided.

### 3.1 ***Pullman* Abstention is Appropriate Here.**

The City suggests that *Colorado River* abstention be exercised should their Motion not be granted,[39] which Mr. Bence does not contest. However, *Pullman* abstention is more appropriate.

---

[35] Opposition at 2.

[36] Reply at 3.

[37] *Bence v. Toquerville City*, No. 20250021 (Utah Ct. App. June 17, 2026).

[38] Notice of Filing Petition for Writ of Certiorari, *Bence v. Toquerville City*, No. 20250021 (Utah Ct. App. July 17, 2026).

[39] Motion at 3, n.1.

The Tenth Circuit has described *Pullman* abstention as:

> The *Pullman* doctrine is a "narrow exception" to the federal courts' general duty to decide cases and "is used only in exceptional circumstances." The policy underlying *Pullman* abstention is that federal courts should avoid "premature constitutional adjudication," . . . and the risk of rendering advisory opinions. *Pullman* avoids "federal-court error in deciding state-law questions antecedent to federal constitutional issues," by allowing for parties to adjudicate disputes involving "unsettled state-law issues" in state courts.[40]

Three requirements must be met for *Pullman* abstention to apply: (1) an uncertain issue of state law underlies the federal constitutional claim; (2) the state issues are amenable to interpretation and such an interpretation obviates the need for or substantially narrows the scope of the constitutional claim; and (3) an incorrect decision of state law by the district court would hinder important state law policies.[41]

In *Caldara v. City of Boulder*, the City of Boulder passed an ordinance banning certain firearms, and plaintiffs sued in federal court, alleging the ordinance was preempted by state statute and also violated the U.S. Constitution.[42] A parallel state-court action challenging the same ordinance on state-law grounds was filed shortly after. The Tenth Circuit affirmed the district court's decision to abstain under *Pullman*, holding that the antecedent state-law question, whether Colorado's home-rule provision or the state preemption statute controlled, was "not only uncertain but also potentially decisive;"[43] that its resolution would eliminate or substantially narrow the federal constitutional claims;[44] and that an erroneous federal prediction of state law would disrupt important state policy.[45] The court further held that the existence of a parallel state

---

[40] *Caldara v. City of Boulder*, 955 F.3d 1175 (10th Cir. 2020) (internal citations omitted).

[41] *Id*. at 1179 (*quoting* *Lehman v. City of Louisville*, 967 F.2d 1474, 1478 (10th Cir. 1992))

[42] *Id*. at 1178.

[43] *Id*. at 1181.

[44] *Id*.

[45] *Id*. at 1181-1183.

proceeding likely to resolve the underlying state-law question mitigated any concern about delay, and that the presence of a constitutional right did not itself defeat abstention.[46]

This case is like *Redner v. City of Tampa*.[47] There, the City of Tampa reenacted a zoning ordinance restricting adult businesses while the plaintiff was simultaneously challenging the original ordinance in state court.[48] The plaintiff then sued in federal court, arguing the reenactment itself violated his constitutional rights. The federal court reasoned that *Pullman* abstention was appropriate because if the state court "rules in favor of plaintiffs on the issue of whether the current ordinance was properly enacted, that ruling would moot the relief sought by plaintiffs from this court and preclude federal determination of the constitutional questions."[49]

The same logic controls here, and each *Pullman* factor is satisfied. First, an uncertain issue of state law underlies Mr. Bence's federal claims: whether the 2023 zone change was validly enacted which is currently on review before the Utah Supreme Court. Second, resolution of the 2023 zone change's validity would eliminate or substantially narrow Mr. Bence's federal claims. Each of his three causes of action, bill of attainder, takings, and denial of access to the courts, depends on the premise that 2025 zone change wrongfully interfered with a still-viable state court appeal. Third, a federal ruling that gets ahead of the Utah Supreme Court risks exactly the kind of intrusion into local governance that *Pullman* is designed to prevent.[50]

The parties do not dispute that the 2025 zone change reenacts and reaffirms the same designation as the 2023 zone change.[51] The parties do not dispute that the Utah Court of Appeals

---

[46] *Id*. at 1181.

[47] *Redner v. City of Tampa*, 723 F. Supp. 1448 (M.D. Fla. 1989).

[48] *Id*. at 1449-1450.

[49] *Id*. at 1453 (*citing Stallworth v. City of Monroeville,* 426 F.Supp. 236 (S.D.Ala.1976)).

[50] *Caldara*, 955 F.3d at 1178-1179.

[51] Complaint ¶ 31 at 6; Motion at 4.

(now the Utah Supreme Court) is currently deciding whether that designation was validly enacted in the first place.[52] What the parties dispute is whether the City's decision to enact Ordinance 2025.XX while Mr. Bence's appeal was pending amounts to a constitutional violation. That dispute cannot be resolved in a vacuum without risking a contrary ruling with the state court. It depends entirely on whether the Utah Supreme Court grants writ and determines the 2023 zone change on the merits.

## 4 ORDER

IT IS HEREBY ORDERED that the Motion to Dismiss,[53] is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED THAT:

1. The dismissal sought in the Motion to Dismiss is DENIED WITHOUT PREJUDICE. The City may re-file the Motion after a final determination by the Utah Supreme Court;
2. While this matter is stayed the parties are ordered to file a status report every 28 days from the issuance of this Order.
3. The case is STAYED until further order of this court.

Signed August 28, 2026.

BY THE COURT

David Nuffer
United States District Judge

[52] Complaint ¶ 8 at 2; Motion at 4.

[53] Motion to Dismiss ("Motion"), docket no. 12, filed January 30, 2026.